# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| LYLE HERMAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIKE FERRITER, et al.,<br><br>　　　　Defendants. | Cause No. CV-12-00017-H-DLC-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I. SYNOPSIS

Mr. Herman filed a proposed Complaint, a Motion to Appoint Counsel, and a Motion to Proceed in Forma Pauperis on February 10, 2012. C.D. 2, 3, 5. Because Mr. Herman is subject to the three strikes provision of 28 U.S.C. § 1915(a) and he has not demonstrated that he is in imminent danger of serious physical injury, the Motion to Proceed in Forma Pauperis should be denied. The Motion to Appoint Counsel will be denied.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Herman has been issued strikes pursuant to 28 U.S.C. § 1915(g) for failure to state a claim in three prior cases.[1] Therefore, a Show Cause Order was

---

[1] Civil Action Nos. 08-CV-00060-H-DWM-RKS (§ 1983 action filed August 28, 2008, closed December 4, 2008); 08-CV-00078-H-DWM-RKS (§ 1983 filed

issued giving him an opportunity to demonstrate whether he was in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). C.D. 6.

Mr. Herman's Complaint includes a failure to protect claim alleging deliberate indifference to his safety. C.D. 2. Mr. Herman's response to the Show Cause Order consists of 84 pages of argument and numerous grievance/classification forms. C.D. 7. He continues to allege that he is in imminent danger of serious physical injury from staff, other inmates, and himself. Mr. Herman's concern for his safety arises primarily from his testimony for the State of Montana in the murder trials arising from the 1991 prison riot. The vast majority of the evidence provided by Mr. Herman consists of documents regarding incidents where he believed he was placed in unsafe locations in the prison in 2009 and 2010. This evidence does not establish an imminent threat of serious physical injury.

Mr. Herman first alleges on April 16, 2009 he was taken to recreation at the same time as G-block inmates and two inmates he testified against live on G-block. Not only did this incident occur nearly three years ago but the documents submitted by Mr. Herman indicate that those two inmates were not even at

---

November 4, 2008, closed February 5, 2009); and 08-CV-00079-H-DWM-RKS (§ 1983 filed November 4, 2008, closed February 5, 2009).

recreation on that day. C.D. 7-1, pp. 1, 2, 4. This incident does not suggest an imminent threat of physical injury to Mr. Herman.

In a grievance dated April 22, 2009, Mr. Herman alleges he was assaulted four times. C.D. 7-1, p. 5. There is no indication in any of the documents submitted in this case that he has been assaulted since that time.

Mr. Herman next alleges he was threatened and called a "rat" by inmates in December 2010. He filed an informal grievance which was deemed appropriate and prison staff members were reminded of Mr. Herman's separation needs when moving him to a different block. C.D. 7-2, p. 20. This incident occurred over a year ago and it appears the prison responded to Mr. Herman's safety concerns. As such, this incident does not suggest an imminent threat of physical injury to Mr. Herman.

The most recent incident raised by Mr. Herman occurred in December 2011 when he was accused of exposing himself to guards and visitors at the prison. Mr. Herman alleges he was falsely accused of this misconduct and he speculates he is now in danger of being harmed by another inmate (the husband of the visitor). He makes no allegations of direct threats from this inmate. C.D. 7-4, pp. 13-17; 7-5, pp. 3-17. These allegations are insufficient to establish an imminent threat to Mr. Herman's safety.

Mr. Herman relates no facts showing he has recently been threatened or harmed by any particular inmate. Moreover, the documents provided by Mr. Herman indicate he is being held in Administrative Segregation Custody until at least April 21, 2012. C.D. 7-5, p. 15. Mr. Herman has made no allegation that he is in danger of physical injury while being held in Administrative Segregation.

Mr. Herman was denied permission to proceed in forma pauperis in his prior lawsuit raising similar claims of failure to protect based on the three strikes provision of 28 U.S.C. § 1915(g). See Civil Action No. 09-CV-00020-H-DWM-RKS. Similarly, here Mr. Herman does not allege facts to support the existence of an imminent danger of serious physical injury when he commenced this action. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Mr. Herman's allegations are speculative at best and given that he is administrative segregation until at least April 12, 2012, he has failed to establish an imminent danger of serious physical injury. Thus, he cannot bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee. Accordingly, the Motion to Proceed in Forma Pauperis should be denied.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Mr. Herman has also filed a Motion for Appointment of Counsel contending he is unable to afford counsel, the issues in this case are complex, and he has

limited access to legal materials. C.D. 3. No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn on other grounds</u>, 154 F.3d 952, 962 (9th Cir. 1998). In fact, unlike in criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989). Further, much different from a criminal case, a judge may only even request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

<u>Terrell</u>, 935 F.2d at 1017 (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

It is unclear whether this matter will even proceed given the

recommendation to deny Mr. Herman's motion to proceed in forma pauperis.  In addition, Mr. Herman has not made an adequate showing of a likelihood of success on the merits to warrant a request of counsel.  Finally, Mr. Herman has filed a number of lawsuits in this Court, at least one of which he was able to successfully settle with the Department of Corrections.  <u>See</u> Civil Action No. 08-CV-064-H-RKS.  Accordingly, Mr. Herman has demonstrated his ability to articulate and litigate his claim pro se.

It is **ORDERED:**

Mr. Herman's Motion for the Appointment of Counsel C.D. 3. is denied.

**IT IS RECOMMENDED:**

1. Mr. Herman's Motion to Proceed in Forma Pauperis C.D. 1 should be denied pursuant to 28 U.S.C. § 1915(g).

2. Mr. Herman should be given an opportunity to pay the full filing fee of $350.00 and if he fails to do so within a set period of time the Clerk of Court should be ordered to close the file.

DATED this 26th day of March, 2012.

/s/ Keith Strong
KEITH STRONG
United States Magistrate Judge