

**FILED**

MAR 2 8 2012

PATRICK E. DUFFY, CLERK

By_____

DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LYLE HERMAN, | ) | CV 12-17-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lyle Herman, a state prisoner proceeding pro se, has applied to

proceed in forma pauperis with this action, in which he alleges prison officials

have failed to protect him and acted with deliberate indifference to his safety.

Plaintiff Herman has on three prior occasions brought an action in federal court

that was dismissed as frivolous, malicious, or for failure to state a claim, meaning

this claim is subject to the "three strikes" rule of 28 U.S.C. § 1915(g).  Under that

-1-

statute, a prisoner-plaintiff may not proceed in forma pauperis unless he is in imminent danger of serious physical injury.

United States Magistrate Judge Keith Strong recommends denial of Plaintiff Herman's application to proceed in forma pauperis because Herman has not alleged that he is in imminent danger of serious physical injury. Judge Strong notes that Herman's allegations relate primarily to incidents where he believes he was placed in unsafe locations in 2009 and 2010, and that Plaintiff Herman is currently being housed in Administrative Segregation, where there is no allegation that he faces any threat to his physical well-being. Under these circumstances, Judge Strong concludes that Plaintiff Herman has failed to allege that he faces imminent danger of physical harm. This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

The Court can find no clear error with Judge Strong's Findings and Recommendations (Doc. No. 8) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Herman's motion to proceed in forma pauperis (Doc. No. 5) is DENIED. Plaintiff Herman shall have until April 30, 2012, in which to pay the filing fee of $350.00. If the filing fee is

-3-

not paid by that date, the Clerk of Court shall close the case file.

DATED this 28th day of March, 2012.

Dana L. Christensen, District Judge
United States District Court